hIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC and SERENDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>CARTESSA AESTHETICS, LLC.<br><br>Defendant. | Civil Action No. 21-4423<br><br>JURY TRIAL DEMANDED |

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs SynKloud Technologies, LLC ("SynKloud") and Serendia, LLC ("Serendia", collectively "Plaintiffs"), for their Complaint against Defendant Cartessa Aesthetics, LLC, ("Cartessa" or "Defendant"), allege the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff SynKloud is a limited liability company organized under the laws of the State of Texas with a place of business at 300 Polar Lane #202, Cedar Park, TX 78613.

3. Plaintiff Serendia is a limited liability company organized and existing under the laws of the State of California with a place of business at 31631 Paseo Don Jose, San Juan Capistrano, CA 92675.

4. Upon information and belief, Defendant Cartessa is a limited liability company organized under the laws of the State of New York with a New York Service of Process Address of business at 175 Broadhollow Road, Melville, NY 11747. Upon information and belief,

Page 1 of 15

Cartessa sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

8. This Court has personal jurisdiction over the Cartessa under the laws of the State of New York, due at least to their substantial business in New York and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of New York. Further, this Court has personal jurisdiction and proper authority to exercise venue over Cartessa because it is incorporated in New York and by doing so has purposely availed itself of the privileges and benefits of the laws of the State of New York. Venue is also proper in this district because Cartessa has a regular and established place of business in this district. On information and belief, Cartessa maintains its principal place of business in this judicial district at 175 Broadhollow Road, Melville, NY 11747.

## BACKGROUND

### The Inventions

9. This action involves four patents, described in detail in the counts below and collectively referred to as the "Asserted Patents."

10. Dr. Jongju Na is the sole inventor of U.S. Patent Nos. 9,320,536 ("the '536 patent"), 9,480,836 ("the '836 patent"), 10,058,379 ("the '379 patent"), and 10,869,812 ("the '812 patent").

11. The Asserted Patents resulted from the pioneering efforts of Dr. Na in the area of medical and aesthetic skin treatment devices. These efforts resulted in the development of novel bipolar radio frequency microneedling systems, apparatuses and methods for medical and aesthetic dermatological treatment for tightening skin.

12. At the time of these pioneering efforts, there were a number of technologies used for skin tightening. One such technology applied radio frequency ("RF") indirectly to the dermis layer of the skin via the surface of the skin (epidermis). Even with the application of a high energy signal, that type of treatment did not effectively transmit high frequency energy to the dermis.

13. Another technology utilized monopolar needles with an active electrode and a grounded electrode. However, that type of technology impacted heart, eyes, and other organs and was therefore not widely commercialized.

14. Still another technology utilized bipolar microneedles to apply RF energy to the dermis. However, that type of technology often resulted in significant burning of the epidermis and patients complained of the resulting pain from the burn.

15. The inventions conceived of by Dr. Na and described and claimed in the Asserted Patents improve upon the prior technology, for example by applying RF energy directly to the dermis using bipolar microneedles and controlling the conduction time of the RF energy applied. These inventions achieved the desired tightening of the skin without burning patient's epidermis

and thus causing pain, while also doing so utilizing bipolar radio frequency and microneedles and lower voltages such that other organs were not impacted.

16. Serendia is an operating company that markets the Scarlet SRF device for treating and tightening of the skin on the face, scalp, chin, and neck. The Scarlet SRF device has been approved by the FDA for use in dermatologic and general surgical procedures for electrocoagulation and homeostasis.

17. Serendia, therefore, competes with Cartessa in the market for radio frequency microneedling systems and apparatuses for medical and aesthetic dermatological treatment for tightening skin.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,320,536

18. The allegations set forth in the foregoing paragraphs 1 through 14 are incorporated into this First Claim for Relief.

19. On April 26, 2016, the '536 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Method, System, and Apparatus for Dermatological Treatment."

20. Serendia is the assignee and owner of the right, title and interest in and to the '536 patent.

21. SynKloud holds the exclusive right to assert all causes of action arising under the '536 patent and the right to collect any remedies for infringement of it.

22. Upon information and belief, Cartessa has and continues to directly infringe one or more claims of the '536 patent by selling, offering to sell, making, using, and/or providing and causing to be used products, specifically one or more radio frequency microneedling devices, which by way of example include the Vivace and Virtue RF microneedling devices (the "'536 Accused Instrumentalities").

23. Exemplary infringement analysis showing infringement of claims 11, 12, 14, 16 and 19 of the '536 patent is set forth in Exhibit 1. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Cartessa with respect to the '536 patent. Plaintiffs reserve all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '536 patent.

24. On information and belief, Cartessa was made aware of the '536 patent and its infringement thereof since at least as early as its receipt of a letter dated February 9, 2018, and a follow-up letter dated April 22, 2021.

25. Upon information and belief, since Cartessa had knowledge of the '536 patent, Cartessa has induced and continues to induce others to infringe at least claims 11, 12, 14, 16 and 19 of the '536 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Cartessa's partners and customers, whose use of the '536 Accused Instrumentalities constitutes direct infringement of at least claims 11, 12, 14, 16 and 19 of the '536 patent.

26. In particular, Cartessa's actions that aid and abet others such as their partners and customers to infringe include distributing the '536 Accused Instrumentalities and providing materials and/or services related to the '536 Accused Instrumentalities. On information and belief, the Cartessa has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because the Cartessa has had actual knowledge of the '536 patent and that its acts were inducing infringement of the '536 patent since Cartessa has had knowledge of the '536 patent.

27.     In particular, on information and belief, Cartessa induces infringement of the '536 patent by providing demonstrative and informational webinars regarding the '536 Accused Instrumentalities with specific intent to encourage use of the '536 Accused Instrumentalities by its clients, customers, and end users whose use of the '536 Accused Instrumentalities constitutes direct infringement of the '536 patent. *See, e.g.*, https://www.cartessaaesthetics.com/webinar-series attached hereto as Exhibit 2 (accessed June 28, 2021).

28.     Upon information and belief, since Cartessa had knowledge of the '536 patent, Cartessa is liable as a contributory infringer of the '536 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States radio frequency microneedling devices to be especially made or adapted for use in an infringement of the '536 patent. The '536 Accused Instrumentalities are material components for use in practicing the '536 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

29.     On information and belief, since Cartessa had knowledge of the '536 patent, Cartessa's infringement has been and continues to be willful.

30.     Plaintiffs have been harmed by the Cartessa's infringing activities.

31.     Plaintiff Serendia will be irreparably harmed if Cartessa's infringing activities are not enjoined.

## COUNT II – INFRIGEMENT OF U.S. PATENT NO. 9,480,836

32.     The allegations set forth in the foregoing paragraphs 1 through 31 are incorporated into this Second Claim for Relief.

33.     On November 1, 2016, the '836 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Skin Treatment Apparatus and Method."

34. Serendia is the assignee and owner of the right, title and interest in and to the '836 patent.

35. SynKloud holds the exclusive right to assert all causes of action arising under the '836 patent and the right to collect any remedies for infringement of it.

36. Upon information and belief, Cartessa has and continues to directly infringe one or more claims of the '836 patent by selling, offering to sell, making, using, and/or providing and causing to be used products, specifically one or more radio frequency microneedling devices, which by way of example include the Vivace RF microneedling devices (the "'836 Accused Instrumentalities").

37. Exemplary infringement analysis showing infringement of claims 1, 2, 3, 4, 6, 7, 8, 9, and 12 of the '836 patent is set forth in Exhibit 3. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Cartessa with respect to the '836 patent. Plaintiffs reserve all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '836 patent.

38. On information and belief, Cartessa was made aware of the '836 patent and its infringement thereof since at least as early as its receipt of a letter dated February 9, 2018, and a follow-up letter dated April 22, 2021.

39. Upon information and belief, since Cartessa had knowledge of the '836 patent, Cartessa has induced and continues to induce others to infringe at least claims 1, 2, 3, 4, 6, 7, 8, 9, and 12 of the '836 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not

limited to Cartessa's partners and customers, whose use of the '836 Accused Instrumentalities constitutes direct infringement of at least claims 1, 2, 3, 4, 6, 7, 8, 9, and 12 of the '836 patent.

40. In particular, Cartessa's actions that aid and abet others such as their partners and customers to infringe include distributing the '836 Accused Instrumentalities and providing materials and/or services related to the '836 Accused Instrumentalities. On information and belief, the Cartessa has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because the Cartessa has had actual knowledge of the '836 patent and that its acts were inducing infringement of the '836 patent since Cartessa has had knowledge of the '836 patent.

41. In particular, on information and belief, Cartessa induces infringement of the '836 patent by providing demonstrative and informational webinars regarding the '836 Accused Instrumentalities or similar products with specific intent to encourage use of the '836 Accused Instrumentalities by its clients, customers, and end users whose use of the '836 Accused Instrumentalities constitutes direct infringement of the '836 patent. *See, e.g.*, Ex. 2.

42. Upon information and belief, since Cartessa had knowledge of the '836 patent, Cartessa is liable as a contributory infringer of the '836 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States radio frequency microneedling devices to be especially made or adapted for use in an infringement of the '836 patent. The Accused Instrumentalities are material components for use in practicing the '836 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

43. On information and belief, since Cartessa had knowledge of the '836 patent, Cartessa's infringement has been and continues to be willful.

44. Plaintiffs have been harmed by the Cartessa's infringing activities.

45. Plaintiff Serendia will be irreparably harmed if Cartessa's infringing activities are not enjoined.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,058,379

46. The allegations set forth in the foregoing paragraphs 1 through 45 are incorporated into this Third Claim for Relief.

47. On August 28, 2018, the '379 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Electrically Based Medical Treatment Device and Method."

48. Serendia is the assignee and owner of the right, title and interest in and to the '379 patent.

49. SynKloud holds the exclusive right to assert all causes of action arising under the '379 patent and the right to collect any remedies for infringement of it.

50. Upon information and belief, Cartessa has and continues to directly infringe one or more claims of the '379 patent by selling, offering to sell, making, using, and/or providing and causing to be used products, specifically one or more radio frequency microneedling devices, which by way of example include the Vivace RF microneedling devices (the "'379 Accused Instrumentalities").

51. Exemplary infringement analysis showing infringement of claims 1, 2, 3, 4, 6, and 8 of the '379 patent is set forth in Exhibit 4.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Cartessa with respect to the '379 patent.  Plaintiffs reserve all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or

implied contention or admission regarding the construction of any term or phrase of the claims of the '379 patent.

52. On information and belief, Cartessa was made aware of the '379 patent and its infringement thereof since at least as early as its receipt of a letter dated April 22, 2021.

53. Upon information and belief, since Cartessa had knowledge of the '379 patent, Cartessa has induced and continues to induce others to infringe at least claims 1, 2, 3, 4, 6, and 8 of the '379 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Cartessa's partners and customers, whose use of the '379 Accused Instrumentalities constitutes direct infringement of at least claims 1, 2, 3, 4, 6, and 8 of the '379 patent.

54. In particular, Cartessa's actions that aid and abet others such as their partners and customers to infringe include distributing the '379 Accused Instrumentalities and providing materials and/or services related to the '379 Accused Instrumentalities. On information and belief, the Cartessa has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because the Cartessa has had actual knowledge of the '379 patent and that its acts were inducing infringement of the '379 patent since Cartessa has had knowledge of the '379 patent.

55. In particular, on information and belief, Cartessa induces infringement of the '379 patent by providing demonstrative and informational webinars regarding the '379 Accused Instrumentalities or similar products with specific intent to encourage use of the '379 Accused Instrumentalities by its clients, customers, and end users whose use of the '379 Accused Instrumentalities constitutes direct infringement of the '379 patent. *See, e.g.*, Ex. 2.

56. Upon information and belief, since Cartessa had knowledge of the '379 patent, Cartessa is liable as a contributory infringer of the '379 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States radio frequency microneedling devices to be especially made or adapted for use in an infringement of the '379 patent. The '379 Accused Instrumentalities are material components for use in practicing the '379 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

57. On information and belief, since Cartessa had knowledge of the '379 patent, Cartessa's infringement has been and continues to be willful.

58. Plaintiffs have been harmed by the Cartessa's infringing activities.

59. Plaintiff Serendia will be irreparably harmed if Cartessa's infringing activities are not enjoined.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 10,869,812

60. The allegations set forth in the foregoing paragraphs 1 through 59 are incorporated into this Fourth Claim for Relief.

61. On December 22, 2020, the '812 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Method, System, and Apparatus for Dermatological Treatment."

62. Serendia is the assignee and owner of the right, title and interest in and to the '812 patent.

63. SynKloud holds the exclusive right to assert all causes of action arising under the '812 patent and the right to collect any remedies for infringement of it.

64. Upon information and belief, Cartessa has and continues to directly infringe one or more claims of the '812 patent by selling, offering to sell, making, using, and/or providing and

causing to be used products, specifically one or more radio frequency microneedling devices, which by way of example include the Vivace and Virtue RF microneedling devices (the "'812 Accused Instrumentalities").

65. Exemplary infringement analysis showing infringement of claims 12, 13, 14, 15, 16, 17, and 18 of the '812 patent is set forth in Exhibit 5. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Cartessa with respect to the '812 patent. Plaintiffs reserve all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '812 patent.

66. On information and belief, was made aware of the '812 patent and its infringement thereof since at least as early as its receipt of a letter dated April 22, 2021.

67. Upon information and belief, since Cartessa had knowledge of the '812 patent, Cartessa has induced and continues to induce others to infringe at least claims 12, 13, 14, 15, 16, 17, and 18 of the '812 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Cartessa's partners and customers, whose use of the '812 Accused Instrumentalities constitutes direct infringement of at least claims 12, 13, 14, 15, 16, 17, and 18 of the '812 patent.

68. In particular, Cartessa's actions that aid and abet others such as their partners and customers to infringe include distributing the '812 Accused Instrumentalities and providing materials and/or services related to the '812 Accused Instrumentalities. On information and belief, the Cartessa has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because the Cartessa has had actual knowledge of

the '812 patent and that its acts were inducing infringement of the '812 patent since Cartessa has had knowledge of the '812 patent.

69. In particular, on information and belief, Cartessa induces infringement of the '812 patent by providing demonstrative and informational webinars regarding the '812 Accused Instrumentalities with specific intent to encourage use of the '812 Accused Instrumentalities by its clients, customers, and end users whose use of the '812 Accused Instrumentalities constitutes direct infringement of the '812 patent. *See, e.g.*, Ex. 2.

70. Upon information and belief, since Cartessa had knowledge of the '812 patent, Defendant is liable as a contributory infringer of the '812 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States radio frequency microneedling devices to be especially made or adapted for use in an infringement of the '812 patent. The '812 Accused Instrumentalities are material components for use in practicing the '812 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

71. On information and belief, since Cartessa had knowledge of the '812 patent, Cartessa's infringement has been and continues to be willful.

72. Plaintiffs have been harmed by the Cartessa's infringing activities.

73. Plaintiff Serendia will be irreparably harmed if Cartessa's infringing activities are not enjoined.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment for themselves and against Cartessa as follows:

    A.    An adjudication that the Cartessa has infringed the '536, '836, '379, and '812 patents;

    B.    An order permanently enjoining Cartessa, its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the order, from infringing the '536, '836, '379, and '812 patents; and manufacturing, selling, offering to sell, or using the products that infringe the '536, '836, '379, and '812 patents;

    C.    An award of damages to be paid by Cartessa adequate to compensate Plaintiffs for Cartessa's past infringement of the '536, '836, '379, and '812 patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

    D.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiffs' reasonable attorneys' fees; and

    E.    An award to Plaintiffs of such further relief at law or in equity as the Court deems just and proper.

| | |
|---|---|
| Dated: August 6, 2021<br>Mahopac, New York | CHRISTOPHER X. MAHER, ESQ. LLC |

/s/ *Michael J.* DeRienzo
Michael J. DeRienzo
593 Route 6
Mahopac, New York 10541
Telephone: (845) 228-5100
Facsimile: 845) 228-5103

Timothy Devlin (*pro hac vice* to be filed)
Robert Kiddie (*pro hac vice* to be filed)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiffs* SynKloud Technologies, LLC and Serendia, LLC